*D. D. Pratt*, for appellant.

---

## KINDIG *v.* MARCH.

A power of attorney to confess a judgment is not revocable by act of the party giving it; but if any fact be alleged affecting its validity, the Court will permit an issue to be formed and tried, and annul the warrant, or reduce the amount of the judgment, as the facts may require.

A judgment by confession may be corrected on complaint filed, as in other cases.

*Saturday, December 8.*

APPEAL from the *Elkhart* Common Pleas.

PERKINS, J.—*Kindig* gave a power of attorney to *Chamberlain*, to confess a judgment in favor of *March*, for a debt due to him.

The power was duly executed and proved. We are satisfied of this from an examination of the record.

When judgment was about to be entered in execution of the power, *Kindig* presented to the Court a revocation of it, on the ground that it was for too large an amount. The Court disregarded the revocation, and directed the judgment to be entered.

A power of attorney to confess judgment is not revocable by act of the party. See Story on Agency, § 477; 2 Archbold's Pr. p. 21. But if any fact affecting its validity be alleged, the Court will permit an issue to be formed and tried, and act in the premises accordingly, annulling the warrant or reducing the amount of judgment upon it, as the case proved may require. In this case, the defendant may yet have the judgment corrected, on complaint filed and heard, as in other cases. Archbold, *supra*; 15 Petersdorf, pp. 366, 367, 368.

*Per Curiam.*—The appeal is dismissed, with costs.

*R. Heath*, for appellant.

*E. M. Chamberlain*, for appellee.